UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID FUNDEN II,<br><br>              Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>              Defendant. | NO. C16-1311RSL<br><br>ORDER REVERSING AND<br>REMANDING FOR FURTHER<br>ADMINISTRATIVE<br>PROCEEDINGS |

      Plaintiff David Funden II appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Commissioner's decision is hereby REVERSED and REMANDED.

      I.     FACTS AND PROCEDURAL HISTORY

      Plaintiff is a 42-year-old man with a GED. Administrative Record ("AR") at 228, 233. His past work experience was as a medical secretary. AR at 233. Plaintiff was last gainfully employed in May of 2004. Id.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 1

Plaintiff protectively filed applications for DIB and SSI on July 25, 2013. AR at 16. Plaintiff asserted that he was disabled due to anxiety disorder, bipolar disorder, post-traumatic stress disorder, hallucinations, and irritable bowel syndrome. AR at 232.

The Commissioner denied plaintiff's claims initially and on reconsideration. AR at 16. Plaintiff requested a hearing, which took place on October 27, 2014. Id. On February 25, 2015, the ALJ issued a decision finding that plaintiff was not disabled based on his finding that plaintiff could perform work available in the national economy. AR at 16-28. Plaintiff's request for review by the Appeals Council was denied on June 22, 2016 (AR at 1-4), making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On August 23, 2016, plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 3.

## II.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is

susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

### III. EVALUATING DISABILITY

As the claimant, Mr. Funden II bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. See 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. Id. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or

---

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 3

mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required 12-month duration requirement is disabled. Id.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); Tackett, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## IV. DECISION BELOW

On February 25, 2015, the ALJ issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since February 1, 2012, the amended alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2. The claimant has the following severe impairments: bipolar disorder, attention deficit hyperactivity disorder, post-traumatic stress disorder, irritable bowel syndrome, anxiety with somatization, and headaches (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 4

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he cannot climb ladders, ropes, scaffolds, ramps, or stairs. He should avoid concentrated exposure to hazards. The claimant can work in very quiet to moderate noise-intensity-level workplaces as those terms are defined in the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles. He can perform simple, routine tasks and follow short, simple instructions. He can perform work that needs little or no judgment and can perform simple duties that can be learned on the job in a short period. The claimant can perform sustained work activities (i.e. can maintain attention, concentration, persistence and pace) in an ordinary work setting on a regular and continuing basis (i.e., eight hours a day, for five days a week, or an equivalent work schedule) within customary tolerances of employers rules regarding sick leave and absence. The claimant requires a work environment with minimal supervisor contact. (Minimal contact does not preclude all contact; rather, it means contact does not occur regularly. Minimal contact also does not preclude simple and superficial exchanges, and it does not preclude being in proximity to the supervisor). The claimant can work in proximity to coworkers but not in a cooperative or team effort. The individual requires a work environment that has no more than superficial interactions with a few coworkers. The claimant requires a work environment that is predictable and with few work setting changes, i.e. a few routine and uninvolved tasks according to set procedures, sequence, or pace with little opportunity for diversion or interruption. The claimant requires a work environment without public contact.

5. The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

6. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1560(c), 404.1566, 416.960(c), and 416.966).

7. The claimant has not been under a disability, as defined in the Social Security Act, from February 1, 2012, through the date of the decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

AR at 16-28.

## V. ISSUES ON APPEAL

The issues on appeal are:

A. Whether the ALJ erred in evaluating the medical evidence.

B. Whether the ALJ erred in evaluating the lay witness testimony.

C. Whether the ALJ erred in posing hypothetical questions to the vocational expert that were inconsistent with the RFC.

D. Whether the ALJ erred by finding at step five that plaintiff could perform work available in the national economy.

Dkt. 11 at 2.

## VI. DISCUSSION

A. <u>Evaluation of the Medical Evidence</u>

Plaintiff argues that the ALJ erred in his analysis of the medical evidence in the record. <u>See</u> Dkt. 11 at 3-13. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. <u>See</u> <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. <u>Sample v. Schweiker</u>, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." <u>Morgan v. Comm'r, Soc. Sec. Admin.</u>, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." <u>Id.</u> at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." <u>Reddick</u>, 157 F.3d at 725. The ALJ can do

this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.

1. Robert Parker, Ph.D.

Plaintiff argues that the ALJ erred by failing to give a specific and legitimate reason supported by substantial evidence to discount the opinion of examining psychologist Robert Parker, Ph.D. See Dkt. 11 at 4-9. The Court agrees.

In April of 2013, Dr. Parker examined plaintiff and found that plaintiff was severely limited in his ability to complete a normal workday or workweek without interruptions from psychologically-based symptoms and markedly limited in his ability to perform several other workplace functions, including performing routine tasks without supervision and maintaining appropriate behavior in a work setting. See AR at 513. The ALJ gave Dr. Parker's opinion little weight because it was a check-box form without explanation, it was inconsistent with other mental status exam ("MSE") results in the record, and it relied too heavily on plaintiff's subjective complaints. See AR at 24-25. None of these reasons is specific, legitimate, and supported by substantial evidence.

First, the ALJ's finding that Dr. Parker's opinion lacked explanation is not supported by substantial evidence. Inexplicably, the ALJ noted that Dr. Parker's opinion lacked "a function-by-function limitation" but cited the portion of Dr. Parker's evaluation report that

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 7

outlined plaintiff's limitations, function by function. See AR at 24 (citing AR at 513). While this portion did not list explanations for the limitations, the remainder of Dr. Parker's evaluation report, including a clinical interview, symptom observation, and test results, provided an explanation for Dr. Parker's ultimate functional analysis. See AR at 511-24.

Next, the ALJ's finding that Dr. Parker's cognitive testing results were inconsistent with other MSE results in the record was not a legitimate reason to discount the social limitations in Dr. Parker's opinion. The ALJ noted several inconsistencies between plaintiff's cognitive testing results during Dr. Parker's evaluation and during other evaluations in August of 2013. See AR at 24-25. However, those alleged inconsistencies in memory testing have no bearing on Dr. Parker's opinion that plaintiff's mental impairments caused marked social limitations, including in his ability to maintain appropriate workplace behavior.

Finally, substantial evidence does not support the ALJ's finding that Dr. Parker's opinion was improperly based on plaintiff's self-reports.[2] According to the Ninth Circuit, an ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting Morgan, 169 F.3d at 602). This situation is distinguishable from one in which the physician provides his own observations in support of his assessments and opinions. See Ryan v.Comm'r, Soc. Sec. Admin., 528 F.3d 1194, 1199-1200 (9th Cir. 2008).

Here, Dr. Parker performed a clinical interview and reported observing many severe symptoms, including paranoid ideation, irritability, depression, and anxiety. See AR at 511-12.

---

[2] In discounting Dr. Parker's opinion, the ALJ also noted plaintiff's inconsistent reports of cannabis use and low Rey-15 score to question the reliability of plaintiff's complaints. See AR at 25. These factors would only be relevant to the ALJ's analysis had Dr. Parker relied too heavily on plaintiff's subjective complaints.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 8

1  Dr. Parker also performed an MSE, during which he noted that plaintiff was fearful and
2  uncomfortable and showed paranoid ideation. <u>See</u> AR at 514. The MSE is "termed the
3  *objective* portion of the patient evaluation" in the mental health field. Paula T. Trzepacz and
4  Robert W. Baker, The Psychiatric Mental Status Examination 4 (Oxford University Press
5  1993) (emphasis in original). The ALJ noted that Dr. Parker included many of plaintiff's self-
6  reported symptoms and conditions in the evaluation report. <u>See</u> AR at 25. However, "[m]ental
7  health professionals frequently rely on the combination of their observations and the patient's
8  reports of symptoms," so "[t]o allow an ALJ to discredit a mental health professional's opinion
9  solely because it is based to a significant degree on a patient's 'subjective allegations' is to
10 allow an end-run around our rules for evaluating medical opinions for the entire category of
11 psychological disorders." <u>Ferrando v. Comm'r, Soc. Sec. Admin.</u>, 449 Fed. Appx. 610 n.2 (9th
12 Cir. 2011) (unpublished memorandum opinion). Where, as here, "an opinion is not more
13 heavily based on a patient's self-reports than on clinical observations, there is no evidentiary
14 basis for rejecting the opinion." <u>Ghanim v. Colvin</u>, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing
15 <u>Ryan</u>, 528 F.3d at 1199-1200). Therefore, the ALJ erred by failing to provide and specific and
16 legitimate reason supported by substantial evidence to discount Dr. Parker's opinion.

17    "[H]armless error principles apply in the Social Security context." <u>Molina v. Astrue</u>,
18 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial
19 to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." <u>Stout</u>
20 <u>v. Comm'r, Soc. Sec. Admin.</u>, 454 F.3d 1050, 1055 (9th Cir. 2006); <u>see</u> <u>Molina</u>, 674 F.3d at
21 1115. The determination as to whether an error is harmless requires a "case-specific
22 application of judgment" by the reviewing court, based on an examination of the record made
23 "'without regard to errors' that do not affect the parties' 'substantial rights.'" <u>Molina</u>, 674 F.3d

at 1118-19 (quoting <u>Shinseki v. Sanders</u>, 556 U.S. 396, 407 (2009)). Had the ALJ fully incorporated Dr. Parker's opinion, the RFC would have included additional limitations, as would the hypothetical questions posed to the vocational expert. Therefore, the ALJ's error affected the ultimate disability determination and is not harmless.[3]

    2.    <u>Paul Zarkowski, M.D.</u>

Plaintiff argues that the ALJ erred by failing to give a specific and legitimate reason supported by substantial evidence to discount the opinion of treating physician Paul Zarkowski, M.D. <u>See</u> Dkt. 11 at 9-13. The Court agrees.

In October of 2014, Dr. Zarkowski stated that plaintiff had severe limitations in his ability to ask simple questions or request assistance from supervisors and his ability to accept instructions and respond appropriately to criticism from supervisors, as well as several other marked social limitations. <u>See</u> AR at 599-600. The ALJ gave Dr. Zarkowski's opinion little weight because it was "not consistent with the evidence," specifically plaintiff's social activities. <u>See</u> AR at 26. An ALJ may reject a physician's opinion when other evidence of claimant's ability to function, including reported activities of daily living, contradicts that opinion. <u>See</u> <u>Morgan</u>, 169 F.3d at 601-02. However, the ALJ only cites that plaintiff attended pride festivals, maintained functional relationships with treatment providers, believed he had good social supports, and continued to live with a roommate despite difficulties in their relationship. <u>See</u> AR at 26. None of these activities has any meaningful bearing on plaintiff's ability to interact appropriately with a supervisor in a forty-hour work setting. <u>See</u> <u>Reddick</u>,

---

[3] Plaintiff also argues that the ALJ erred in posing hypothetical questions to the vocational expert that were inconsistent with the RFC as written. <u>See</u> Dkt. 11 at 15-17. However, because the Court finds that the RFC and hypothetical questions were insufficient because of the ALJ's error in evaluating Dr. Parker's opinion, the Court need not decide the issue.

157 F.3d at 722 ("[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations.") Therefore, the ALJ erred by failing to provide a specific and legitimate reason supported by substantial evidence to discount Dr. Zarkowski's opinion regarding plaintiff's social limitations.

B. <u>Evaluation of the Lay Witness Testimony</u>

Plaintiff argues that the ALJ erred in evaluating the lay witness testimony of plaintiff's stepfather, Randy Lazenby. <u>See</u> Dkt. 11 at 13-15. However, plaintiff does not identify any specific workplace functional limitations missing from the RFC as a result of the ALJ's alleged error in evaluating Mr. Lazenby's testimony. <u>See id.</u> A plaintiff has the burden of establishing that an alleged error resulted in actual harm. <u>See</u> <u>Ludwig v. Astrue</u>, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his 'substantial rights,' which is to say, not merely his procedural rights.") (citing <u>Shinseki</u>, 556 U.S. at 407-09). Here, Mr. Lazenby reported that plaintiff had difficulties maintaining conversation and controlling his anger during mood swings. <u>See</u> AR at 275.[4] However, plaintiff does not show how these difficulties impaired his workplace functionality beyond the level accommodated in the RFC. <u>See</u> Dkt. 11 at 13-15. In fact, plaintiff concedes that Mr. Lazenby's testimony reflected plaintiff's fluctuating symptoms and that Mr. Lazenby did not suggest that the stated severity was present all the time. <u>See id.</u> at 14. A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. <u>See</u> Social Security Ruling 96-8p, 1996 WL 374184 *2. Because

---

[4] Mr. Lazenby believed that these difficulties prevented plaintiff from being able to maintain employment at all. <u>See</u> AR at 275. However, the ultimate determination as to whether a claimant is disabled is reserved to the Commissioner. <u>See</u> 20 C.F.R. §§ 416.912(b)(7), 416.927(e)(1).

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 11

plaintiff does not show that the ALJ's alleged error in evaluating the lay witness testimony ultimately caused the RFC to be insufficient in any way, plaintiff establishes no harmful error.

C.     Scope of Remand

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, issues still remain regarding conflicts in the evidence about plaintiff's functional capabilities and his ability to perform other jobs existing in significant numbers in the national economy despite any additional limitations. Accordingly, remand for further consideration is warranted in this matter.

//

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 12

## VII. CONCLUSION

For the foregoing reasons, the Court finds that the ALJ erred in evaluating the medical evidence in the record. The decision of the Commissioner is REVERSED, and this matter is REMANDED for further proceedings not inconsistent with this Order.

Dated this 6th day of July, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge